IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN DERUTTE,

    Petitioner,                      No. CIV-S-10-0030 KJM CKD P

   vs.

KATHLEEN DICKINSON,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding with counsel with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is serving a sentence of fifteen-years-to-life imprisonment for second degree murder. Petitioner was convicted in Marin County in 1986 following a plea of guilty. In this action petitioner raises two claims, both of which concern the fact that he was denied parole in 2008.

I. <u>Standard For § 2254 Relief</u>

        An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein as "§ 2254(d)" or "AEDPA").[1]  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S.

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief.  Fry v. Pliler, 127 S. Ct. 2321, 2326-27 (2007).

1  919 (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial
2  of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court
3  must perform an independent review of the record to ascertain whether the state court decision
4  was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other
5  words, the court assumes the state court applied the correct law, and analyzes whether the
6  decision of the state court was based on an objectively unreasonable application of that law.

7        It is appropriate to look to lower federal court decisions to determine what law has
8  been "clearly established" by the Supreme Court and the reasonableness of a particular
9  application of that law.  "Clearly established" federal law is that determined by the Supreme
10 Court.  Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004).  At the same time, it is
11 appropriate to look to lower federal court decisions as persuasive authority in determining what
12 law has been "clearly established" and the reasonableness of a particular application of that law.
13 Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th
14 Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo,
15 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of
16 Supreme Court precedent is misplaced).

17 II.  Sixth Amendment

18       Petitioner asserts his Sixth Amendment right to a trial by jury and to confront his
19 accusers was violated at his 2008 parole hearing when the parole board concluded petitioner was
20 guilty of certain sex offenses and when the panel received unsworn testimony in which it was
21 alleged, among other things, that petitioner is a rapist.  However, the first line of the Sixth
22 Amendment indicates that it is applicable only with respect to "criminal prosecutions" and
23 petitioner fails to point to anything suggesting it should be applicable in a state parole suitability
24 hearing.[2]  As indicated below, federal protections applicable at state parole suitability hearings

---

[2] Petitioner suggests that Morrissey v. Brewer, 408 U.S. 471 (1972) supports the notion that the Sixth Amendment applies in parole suitability hearings.  This is somewhat disingenuous

generally arise, if at all, under the Due Process Clause of the Fourteenth Amendment. For these reasons, petitioner's first claim must be rejected.

III. Fourteenth Amendment

Petitioner asserts he was denied due process in violation of the Fourteenth Amendment by the decision to deny him parole in 2008 because the decision to deny him parole is not supported by any evidence indicating that petitioner poses a threat of danger to the public upon release. The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12.

---

as Morrissey concerns parole revocation hearings, not parole suitability hearings, and the Supreme Court made clear that protections applicable at such hearings arise from the Due Process Clause of the Fourteenth Amendment, not the Sixth Amendment. Id. at 480-81.

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (per curiam). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 862. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. at 863. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at 862.

Here, the record reflects that petitioner was present at his 2008 parole hearing, he was given an opportunity to be heard throughout his hearing, and was provided with the reasons for the decision to deny parole. Answer, Ex. 5 at 115-256. According to the United States Supreme Court, the Due Process Clause requires no more. For these reasons, petitioner's denial of federal due process claim must be rejected.

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 12, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
deru0030.157